Argued and submitted February 17, at Patton Middle School, McMinnville, affirmed July 13, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## VAUGHN PIERRE DERRY,
*Appellant.*

03C-40466; A122450

116 P3d 248

Mary-Shannon Storey, Deputy Public Defender, argued the cause for appellant. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Wollheim and Ortega, Judges.

ORTEGA, J.

**ORTEGA, J.**

Defendant appeals from a conviction for fourth-degree assault, assigning error to the trial court's denial of his motion for a judgment of acquittal. We review to determine whether a rational trier of fact could have found the elements of the crime beyond a reasonable doubt, *State v. Paragon*, 195 Or App 265, 267, 97 P3d 691 (2004), and affirm.

■      In reviewing the denial of a motion for a judgment of acquittal, "[w]e view the evidence in the light most favorable to the state, accepting reasonable inferences and reasonable credibility choices that the factfinder could have made." *State v. Presley*, 175 Or App 439, 443, 28 P3d 1238 (2001) (citation omitted). So viewed, the record establishes the following facts.

Officer Jefferson responded to a report of a fight in front of an apartment in the middle of the night. He estimated that he arrived "within minutes" of the reported altercation to find the front door standing open and a man kneeling in the entryway, wiping up fresh blood with a towel. Inside, Jefferson saw the victim, Jackson, sitting on a couch with a blood-soaked towel wrapped around his right pinky finger. Jefferson asked Jackson to remove the towel and observed that his knuckle was split, exposing the bone. The wound was still bleeding.

Jefferson spoke with Jackson, who identified defendant as the other person involved in the reported altercation. Jefferson went to defendant's residence with the intention of arresting him for assault. Although the lights were on at defendant's residence, no one answered the door.

As he was going off duty, Jefferson advised Officer Goodman that he had probable cause to arrest defendant. Goodman went to defendant's residence that afternoon and spotted defendant inside, attempting to hide. Goodman knocked on the door and, when a woman answered, told her that he had seen defendant and asked that he come out. Defendant did so, and Goodman took him into custody, placed him in handcuffs, and advised him of his *Miranda* rights.

After defendant indicated that he understood his *Miranda* rights, Goodman asked him if he wished to make a statement regarding the incident that had occurred the night before. Defendant offered that he had gone to Jackson's house intending to sell him crack cocaine and that the altercation ensued when Jackson attempted to grab the drugs out of defendant's hand without paying. Defendant explained that he pushed the victim to the ground, but never punched or kicked him. Goodman recounted:

> "* * * I took it basically from the way he was explaining it to me is that he was holding the drugs in his hand; * * * [The victim] attempted to grab them away from him; he pulled back; a pushing match. * * * [The victim] somehow gets pulled out of the house, goes down on the ground in front of him. He keeps getting up, trying to take swings. [Defendant] keeps pushing him down, and pushed him forward and down."

Defendant explained that Jackson "probably broke [his hand] in the door when he was trying to scamper away from me back into the apartment."

As Goodman was driving defendant to the county jail, defendant blurted out, "Okay, you want me to tell you the truth?" Defendant then explained that he had gone to Jackson's house because he knew that Jackson received a large check every week; he thought that Jackson could give him some money as compensation for drugs that he had shared with Jackson. When Jackson refused, defendant pushed him to the ground. He remarked, "Who did [Jackson] think he was not giving me money when I asked?"

Defendant was charged with fourth-degree assault and third-degree robbery. After a bench trial at which both officers testified but Jackson did not, defendant moved for a judgment of acquittal as to both charges. The trial court granted defendant's motion with respect to the robbery charge, but denied it with respect to the assault charge. Defendant now challenges that ruling, contending that the state failed to present sufficient evidence from which a rational factfinder could infer that defendant caused physical injury to Jackson.

■      A person commits the crime of fourth-degree assault if he "[i]ntentionally, knowingly or recklessly causes physical injury to another[.]" ORS 163.160(1)(a). Defendant does not dispute that he was involved in an altercation with Jackson, but he argues that the state failed to present evidence that the altercation caused the injury to Jackson's finger. The state responds that, despite the lack of direct evidence of causation, the trier of fact reasonably could have inferred from the evidence that defendant's conduct caused Jackson's injury. We agree with the state and, accordingly, affirm.

■■      As noted above, in determining whether there was sufficient evidence to support a conviction, we resolve any conflicts in the evidence in favor of the state and give the state the benefit of all reasonable inferences. *Presley*, 175 Or App at 443. An inference is reasonable if "there is a reasonable probability that the conclusion flows from the proven facts." *State v. Bivens*, 191 Or App 460, 467, 83 P3d 379 (2004) (quoting *Tose v. First Pennsylvania Bank, N.A.*, 648 F2d 879, 895 (3d Cir), *cert den*, 454 US 893 (1981)). Whether the evidence is sufficient to support a particular inference is a legal question for the court to decide. *Id*. "Reasonable inferences are permissible; speculation and guesswork are not." *Id*. However, if the proven facts support multiple reasonable inferences, the finder of fact may choose between them. *State v. Miller*, 196 Or App 354, 358, 103 P3d 112 (2004), *rev den*, 338 Or 488 (2005).

We hold that, on this record, a factfinder reasonably could infer that defendant's conduct caused the injury to Jackson's finger, for at least two reasons.

First, the temporal proximity of the altercation and the injury to Jackson's finger makes such an inference reasonable. Officer Jefferson estimated that he arrived at the apartment "within minutes" of the altercation to find a man wiping fresh blood from the entryway to the apartment and observed that the wound to Jackson's finger was still bleeding. Because the blood in the entryway had not yet dried, and because Jackson's finger was still bleeding, the trial court reasonably could have inferred that Jackson's finger was injured shortly before Jefferson's arrival. Accordingly, the trial court reasonably could have concluded that both the

altercation and the injury to Jackson's finger occurred at approximately the same time: shortly before Jefferson arrived on the scene. Although the temporal proximity of the altercation and the injury does not compel the conclusion that the altercation caused the injury, such an inference is reasonable, particularly because the record does not suggest that something other than the altercation caused the injury.

Second, defendant's statements to Goodman provide additional support for the inference that his actions caused Jackson's injury. Defendant admitted to pushing Jackson repeatedly and suggested that Jackson must have broken his finger "in the door when he was trying to scamper away from me back into the apartment." The pool of blood that Jefferson observed in the entryway likewise suggests that the altercation took place near the doorway. For purposes of the assault statutes (ORS 163.160 to 163.185), a defendant is deemed to have "caused" an injury if he "engaged in conduct so extensively intertwined with infliction of the injury that such conduct can be found to have produced the injury." *See State v. Pine*, 336 Or 194, 207, 82 P3d 130 (2003) (addressing the meaning of "cause" in ORS 163.165, governing third-degree assault). A reasonable factfinder could conclude that defendant's conduct in repeatedly pushing Jackson during the altercation was so intertwined with infliction of the injury to Jackson's finger that it produced that injury.

Affirmed.