STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSHUA VICTOR PITTMAN,
*Defendant-Appellant.*

Marion County Circuit Court
13C41974; A154792

369 P3d 99

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, Jennifer S. Lloyd, Assistant Attorney General, and David L. Sherbo-Huggins, Deputy Public Defender, for petition.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

DEVORE, J.

## DEVORE, J.

Defendant joins the state in a petition for reconsideration of our recent decision in *State v. Pittman*, 275 Or App 518, 365 P3d 142 (2015). At trial, defendant was acquitted of first-degree robbery, ORS 164.415, but convicted of second-degree robbery, ORS 164.405(1)(a), as a lesser-included offense. On appeal, defendant argued that the trial court had erred because second-degree robbery—an offense that had been dismissed at the time of trial—did not constitute a lesser-included offense of first-degree robbery, in the form in which it had been alleged. We agreed with defendant and reversed his conviction for second-degree robbery, concluding that the indictment did not allege facts sufficient to satisfy each element of that offense. *Pittman*, 275 Or App at 525. Specifically, we concluded that the indictment did not require the state to prove that defendant represented to the victim that he was armed with a dangerous weapon. *Id.*; *see also State v. Zimmerman*, 170 Or App 329, 12 P3d 996 (2000) (same conclusion).

The parties' petition for reconsideration does not challenge the merits of our decision. Instead, the parties stipulate that the appropriate disposition in this case is "for entry of a conviction for *third*-degree robbery, an offense that was included in the allegations in the indictment and on which the trial court necessarily found defendant guilty." (Emphasis in original.) The state concedes that it did not initially "make any argument about the appropriate remedy" in the event that we concluded that the court had erred. Nevertheless, the parties now jointly urge us to reconsider and modify the disposition and remand the case to the trial court for entry of a conviction for third-degree robbery and resentencing.

In support of the motion for reconsideration of the case's disposition, the parties rely upon Article VII (Amended), section 3, of the Oregon Constitution, which provides, in part:

"[I]f, in any respect, the judgment appealed from should be changed, and the supreme court shall be of opinion that it can determine what judgment should have been entered in the court below, it shall direct such judgment to be entered

> in the same manner and with like effect as decrees are now entered in equity cases on appeal to the supreme court."

The parties also cite to cases in which there was insufficient evidence to convict a defendant of a particular offense but in which we remanded to the trial court with instructions to enter a judgment of conviction for a lesser-included offense that was necessarily subsumed in the charged offense. *See, e.g., State v. Lopez,* 151 Or App 138, 949 P2d 1237 (1997), *rev den,* 326 Or 465 (1998) (remanding for entry of conviction for attempted telephonic harassment and resentencing where evidence did not support conviction for telephonic harassment); *see also State v. Lee,* 105 Or App 329, 804 P2d 1208, *rev den,* 311 Or 427 (1991) (remanding with instructions to enter a judgment of conviction for attempted solicitation where evidence did not support conviction for solicitation to commit first-degree robbery).

In this case, the parties agree that first-degree robbery is predicated on third-degree robbery and that third-degree robbery was therefore alleged in the indictment. ORS 164.415 (requiring, as an element, violation of ORS 164.395 (third-degree robbery)); *see also State v. Burris,* 270 Or App 512, 521 n 7, 348 P3d 338 (2015) (first-degree robbery predicated on third-degree robbery). We agree with the parties that the indictment necessarily alleged that defendant had committed third-degree robbery and that the trial court necessarily found defendant guilty of that offense. *See State v. Delaportilla,* 250 Or App 25, 29, 279 P3d 824, *rev den,* 352 Or 666 (2012) ("A court cannot convict on a charge for which the defendant was not indicted unless the conviction is for an offense that is a lesser-included offense within the offense charged in the indictment." (Internal quotation marks omitted.)). Consequently, there is no dispute that defendant had notice of the elements supporting a conviction for third-degree robbery. *See State v. Barrie,* 227 Or App 378, 381, 206 P3d 256 (2009) ("It is a basic component of a defendant's fundamental right to due process that a court may not find him guilty of a crime for which he has not received notice or an opportunity to prepare a defense."). Nor is there dispute that the state proved all the elements of third-degree robbery at trial.

We have authority under the Oregon Constitution to direct entry of a lesser-included offense that we determine should have been entered by the trial court. *See Lopez,* 151 Or App at 142 (citing Article VII (Amended), section 3, as source of authority for imposition of lesser-included offense on remand). In light of the parties' joint petition for reconsideration, we conclude that an exercise of that authority is appropriate.[1]

Reconsideration allowed; former disposition withdrawn; conviction for second-degree robbery reversed and remanded for entry of judgment of conviction for third-degree robbery; remanded for resentencing; otherwise affirmed.

---

[1] As noted in our former opinion, defendant was indicted on two counts and the second of those counts (*i.e.,* Count 2) was dismissed. *Pittman,* 275 Or App at 520. The judgment on appeal reflects the dismissal of Count 2. We note that our disposition here leaves that part of the judgment unaffected.