Submitted March 31; convictions on Counts 1 and 2 reversed and remanded for entry of a judgment of conviction for two counts of attempted promoting prostitution, remanded for resentencing, otherwise affirmed April 29, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARQUIS VONSHAY MADISON,
*Defendant-Appellant.*

Lane County Circuit Court
18CR18370; A168226

466 P3d 92

In this criminal case, defendant appeals a judgment of conviction of two counts of promoting prostitution and one count of resisting arrest. Defendant raises two assignments of error and two *pro se* supplemental assignments of error, challenging the trial court's denial of his motions for judgment of acquittal on all counts. Defendant argues that, although the state proceeded under the theory that he engaged in conduct that instituted, aided, or facilitated an act of prostitution, the state did not present any evidence that an act of prostitution occurred. The state concedes the error, but argues that the evidence was sufficient to support two counts of attempted promoting prostitution. *Held*: The evidence supported a judgment of conviction for two counts of attempted promoting prostitution. Attempted promoting prostitution is a lesser included offense in the crime of promoting prostitution.

Convictions on Counts 1 and 2 reversed and remanded for entry of a judgment of conviction for two counts of attempted promoting prostitution; remanded for resentencing; otherwise affirmed.

Mustafa T. Kasubhai, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Bennett, Deputy Public Defender, filed the briefs for appellant. Marquis Vonshay Madison filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Daniel Norris, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

JAMES, J.

Convictions on Counts 1 and 2 reversed and remanded for entry of a judgment of conviction for two counts of attempted promoting prostitution; remanded for resentencing; otherwise affirmed.

### JAMES, J.

In this criminal case defendant appeals a judgment of conviction of promoting prostitution, ORS 167.012 (Counts 1 and 2) and resisting arrest, ORS 162.315 (Count 3). At trial defendant waived a jury and the case was tried to the bench. On appeal, defendant challenges the trial court's denial of his motion for judgment of acquittal as to Counts 1 and 2, arguing that although the state proceeded under the theory that he engaged in conduct that instituted, aided, or facilitated an act of prostitution, but the state did not present any evidence that an act of prostitution occurred or that a prostitution enterprise existed.[1] The state concedes the error, but argues that the evidence was sufficient to support two counts of attempted promoting prostitution, and that we should reverse the judgment, in part, and remand for entry of two counts of attempt, followed by a resentencing. As we briefly discuss below, we have remanded for entry of an attempt in other cases. And here, defendant offers no authority or argument as to why such a remedy would be improper on the facts of this case. Accordingly, we accept the state's concession and reverse the judgment as to Counts 1 and 2, remand for entry of a judgment of conviction on attempted promoting prostitution on Counts 1 and 2, followed by resentencing; otherwise affirmed.

We review the denial of a motion for judgment of acquittal by "view[ing] the evidence in the light most favorable to the state, accepting reasonable inferences and reasonable credibility choices that the factfinder could have made." *State v. Derry*, 200 Or App 587, 589, 116 P3d 248 (2005), *rev den*, 340 Or 34 (2006). The standard is "whether a rational trier of fact could have found the elements of the crime beyond a reasonable doubt." *Id*. We state the facts briefly in light of that standard.

Detective Newell set up a sting operation to try and catch potential "pimps" by posting an advertisement on Backpage.com under the assumed identity of a young woman. The advertisement featured a telephone number

---

[1] We reject defendant's *pro se* assignments of error without discussion.

and three photographs. Newell assumed the fictitious name "Rachel" in this sting operation.

Defendant responded to the ad via text message stating "come build with the real," and followed up with another message offering to help "Rachel" exercise her "full potential." He then sent three links to video files that sought to demonstrate that he enjoyed a lavish lifestyle, such as one in which he posed in front of a Mercedes. Defendant sent another text suggesting he could be of service to "Rachel."

Newell responded and asked for defendant's name, and defendant said it was "Prosper." After some further back-and forth between the man who called himself "Prosper" and "Rachel," Newell texted defendant that "Rachel" already had a "daddy," but that said "daddy" was "lame."

The texting continued between defendant and "Rachel" and delved into vernacular associated with prostitution such as "304s" (prostitutes), "bottom" (the highest-ranking prostitute working for a pimp), etc. At one point in the text exchange, they discussed handing over money after a call, and defendant texted, "Well, you making money doesn't prove anything. You handing it does. That's the bitch that's valuable to me, the one that wants to see me with and trust me. Give me all. I'm going to give you my all. I expect the same." The two engaged in further similar conversation. At one point, defendant protested "Rachel" calling him "baby," and said "daddy only." At trial, Newell testified that "daddy" is a nickname for a pimp.

Newell eventually learned that defendant was also corresponding with another potential new prostitute. This other woman was also fictitious, played by Detective Burroughs in a separate and independent sting operation. Burroughs had posted a Backpage.com ad using the name "Isabella." Defendant contacted "Isabella" with a message simply reading "come home."

Burroughs responded with his purported "rates" and schedule, attempting, he testified, to make obvious her status as a prostitute. Defendant responded with messages similar to those sent to "Rachel," including the same video clips. After a similar back and forth discussion, the parties

agreed to meet. Defendant was ultimately arrested at that meeting, then subsequently charged with two counts of promoting prostitution—one count for "Rachel," and another for "Isabella."

Following defendant's waiver of a jury, the case was tried to the bench. Following close of the state's evidence, defendant moved for a judgment of acquittal on Counts 1 and 2, arguing that because "Rachel" and "Isabella" were both detectives, there was no actual prostitution, nor a prostitution enterprise. The trial court denied the motion, and this appeal followed.

On appeal, defendant renews the arguments he made before the trial court arguing that in this case there were no prostitutes, no act of prostitution, place of prostitution, or prostitution enterprise. As defendant argues on appeal, he "took no action that instituted, aided, or facilitated an act or enterprise of prostitution because there was no such act or enterprise in this case." The state concedes the error.

ORS 167.012 provides:

"(1)  A person commits the crime of promoting prostitution if, with intent to promote prostitution, the person knowingly:

"(a)  Owns, controls, manages, supervises or otherwise maintains a place of prostitution or a prostitution enterprise;

"(b)  Induces or causes a person to engage in prostitution or to remain in a place of prostitution;

"(c)  Receives or agrees to receive money, goods, property, services or something else of value, other than as a prostitute being compensated for personally rendered prostitution services, pursuant to an agreement or understanding that the money, goods, property, services or something else of value is derived from a prostitution activity; or

"(d)  Engages in any conduct that institutes, aids or facilitates an act or enterprise of prostitution."

Here, the state charged defendant under ORS 167.012(1)(d), alleging in Count 1, in relevant part, that

he "did unlawfully and knowingly, with intent to promote prostitution, engage in conduct thereby instituting, aiding, or facilitating an act of prostitution or enterprise of prostitution via transactions with a perceived female known as 'Rachel.'" The operative language for Count 2 was identical other than the substitution of "Isabella" for "Rachel."

As charged, defendant would violate the statute by engaging "in any conduct that institutes, aids or facilitates an act or enterprise of prostitution." On this record, defendant did not institute an act or enterprise of prostitution because no such act ever occurred, and no such enterprise existed. Accordingly, we accept the state's concession of error.

However, the state argues that while the evidentiary record was insufficient to support completed counts promoting prostitution, it was nevertheless sufficient to support attempted promoting prostitution. As the state argues, in finding defendant guilty of promoting prostitution, the trial court necessarily found that defendant attempted to commit that crime, and the record supports that finding. Therefore, the state asks that we remand to the trial court for an entry of judgment convicting defendant of two counts of attempted promoting prostitution and for resentencing.

In *State v. Lopez*, 151 Or App 138, 949 P2d 1237 (1997), *rev den*, 326 Or 465 (1998), we found that the trial court had erred in denying the motion for judgment of acquittal on the charge of telephonic harassment but remanded for entry of judgment of conviction as to the attempt.

"The state argues in the alternative that, if there is insufficient evidence to convict defendant of telephonic harassment, the appropriate remedy is a remand for entry of a judgment of attempted telephonic harassment. We agree. 'A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step towards commission of the crime.' ORS 161.405. Attempted telephonic harassment is necessarily a lesser included offense of telephonic harassment. Because the jury convicted defendant of telephonic harassment, it necessarily determined that defendant had the requisite intent. His attempt failed only because the victim refused to answer. Thus, under Article VII (Amended),

section 3, of the Oregon Constitution, we remand for entry of a judgment of attempted telephone harassment."

*Id.* at 142 (footnote omitted).

As we have noted, "[w]e have authority under the Oregon Constitution to direct entry of a lesser-included offense that we determine should have been entered by the trial court." *State v. Pittman*, 276 Or App 491, 495, 369 P3d 99 (2016). A crime is a lesser-included offense of another crime if either of two circumstances exist: "(1) the elements of the lesser offense necessarily are included in the greater offense because the elements of the former are subsumed in the latter; or (2) all of the elements of the lesser offense are expressly set forth in the accusatory instrument." *State v. Lee*, 174 Or App 119, 125, 23 P3d 999 (2001), *rev den*, 332 Or 559 (2001). An attempted crime is a lesser included offense of a completed crime. *See, e.g.*, *State v. Odnorozhenko*, 224 Or App 288, 295, 197 P3d 562 (2008) ("Further, attempted kidnapping is a lesser-included offense of kidnapping because the elements of the lesser offense necessarily are included in the greater.").

We are unpersuaded that those cases do not apply here, or that the disposition we reached in *Lopez* is not equally applicable to this case. Accordingly, we reverse the judgment as to Counts 1 and 2, remand for entry of a judgment of conviction of attempted prostitution procurement, ORS 167.012 on those counts, and resentencing.

Convictions on Counts 1 and 2 reversed and remanded for entry of a judgment of conviction for two counts of attempted promoting prostitution; remanded for resentencing; otherwise affirmed.