Submitted August 11, affirmed September 10, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RASOOL HAMMOOD HASHOOSH,
*Defendant-Appellant.*

Multnomah County Circuit Court
19VI32865; A170813

473 P3d 147

Bernadette H. Bignon, Judge pro tempore.

Raymond Tindell filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Kamins, Judge, and Kistler, Senior Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals a judgment convicting him of a traffic violation: driving a motor vehicle while using a mobile electronic device, ORS 811.507. Defendant argues that the trial court erroneously credited the testimony of an officer about how defendant was using the phone rather than defendant's testimony telling a different story. As the state correctly points out, defendant's argument fails to appreciate our role as a reviewing court. We and the Supreme Court have emphasized time after time that, when reviewing the sufficiency of the state's evidence, we do not retry the case on appeal or reweigh the credibility of competing testimony. *See, e.g.*, *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989) (explaining that it is not proper for a reviewing court to reverse a conviction "because of conflicts in the evidence. After a verdict of guilty, such conflicts must be treated as if they had been decided in the state's favor."); *State v. Davis*, 303 Or App 90, 91, 462 P3d 295 (2020) (reiterating the same).

Rather, following a guilty verdict, we view the evidence *in the light most favorable to the state* to determine whether any reasonable trier of fact could have found the essential elements of the violation had been proved. *See State v. Bainbridge*, 230 Or App 500, 502, 216 P3d 338 (2009) (stating that standard for traffic violation cases); *see also State v. Madison*, 303 Or App 737, 739, 466 P3d 92 (2020) (stating that we review the sufficiency of evidence to support a conviction by "'view[ing] the evidence in the light most favorable to the state, *accepting reasonable inferences and reasonable credibility choices* that the factfinder could have made'" (citation omitted; emphasis added)); *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994) (prescribing that standard and explaining that the question is not whether the appellate courts believe that a defendant is guilty, but whether the evidence is sufficient for the trier of fact to reach that conclusion).

In light of our standard of review, and accepting reasonable credibility choices that a factfinder could have made about the officer's testimony that defendant, while driving, was "holding a phone lit up in his right hand in the text message screen," defendant's contention that the trial

court should have believed his version of events supplies no basis for reversing the judgment.

Affirmed.