No. 196 March 27, 2024 635

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HARLAND JOSEPH WRIGHT,
*Defendant-Appellant.*

Klamath County Circuit Court
20CR51200; A177796

Alycia E. Kersey, Judge.

Submitted October 27, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Convictions on counts 1 and 2 reversed and remanded for entry of judgment of conviction for one count of first-degree kidnapping; remanded for resentencing; otherwise affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment convicting him, after a bench trial, of several counts—including three counts of first-degree kidnapping, ORS 163.235, and one count of second-degree assault, ORS 163.175—raising five assignments of error. We reverse defendant's convictions on Counts 1 and 2 and remand for entry of a judgment of conviction for one count of first-degree kidnapping, and we remand for resentencing. We otherwise affirm defendant's convictions.

A person commits the crime of second-degree assault when the person "[i]ntentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon[.]" ORS 163.175(1)(b). In his first assignment of error, defendant contends that the trial court erred when it denied his motion for a judgment of acquittal of second-degree assault, arguing that the evidence was legally insufficient for the trier of fact to find the "physical injury" element of that crime. Under ORS 161.015(7), "physical injury" means either "impairment of physical condition or substantial pain."

At trial, the victim testified that defendant compelled him to get into a body bag and then stabbed him through the bag, cutting his wrist. The court heard the victim's testimony and also observed a scar on the victim's wrist and determined that the evidence was sufficient to infer that the victim had suffered "substantial pain and/or impairment of bodily condition."

"[V]iew[ing] the evidence in the light most favorable to the state," we conclude that the evidence was legally sufficient to allow the trial court, "making reasonable inferences," to have found that defendant's stabbing of the victim resulted in a physical injury. *See State v. Guzman*, 276 Or App 208, 211, 366 P3d 816 (2016) (setting forth the standard of review) (internal quotation marks omitted). Thus, we reject defendant's contention in his first assignment of error that the court erred in denying defendant's motion for a judgment of acquittal of assault in the second degree.

In his second assignment of error, defendant contends that the trial court erred when it failed to merge the

court's guilty verdicts on Counts 1 and 2 for first-degree kidnapping, arising from the same conduct involving the same victim, but based on alternative theories under ORS 163.235(1)(c)—"caus[ing] physical injury to the victim"—and (d)—"terroriz[ing] the victim[.]" That argument is unpreserved. However, we accept the state's concession that the trial court plainly erred, and we agree that merger was required for Counts 1 and 2. *See State v. Odnorozhenko*, 224 Or App 288, 296, 197 P3d 562 (2008) ("[F]ailure to merge separate first-degree kidnapping convictions for the same conduct involving the same victim constitutes error apparent on the face of the record."). Thus, we reverse defendant's convictions on Counts 1 and 2 and remand for entry of a judgment of conviction for one count of first-degree kidnapping on those counts.

Defendant raises three additional unpreserved assignments of error, relating to sentencing, that we need not address in light of our remand for resentencing. *State v. Manning*, 300 Or App 390, 391, 453 P3d 946 (2019), *rev den*, 366 Or 292 (2020) ("Because we must remand for resentencing to correct [one] error, we do not reach defendant's assignment regarding [a sentencing error], which the trial court will have an opportunity to address in the first instance on remand.").

Convictions on Counts 1 and 2 reversed and remanded for entry of judgment of conviction for one count of first-degree kidnapping; remanded for resentencing; otherwise affirmed.