606 October 23, 2024 No. 750

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NATHAN BALFOR MILLSAP,
*Defendant-Appellant.*

Washington County Circuit Court
20CR55451, 20CR55483; A180187 (Control), A180188

Theodore E. Sims, Judge.

Submitted August 29, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Carla E. Edmondson, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Remanded for resentencing in Case Nos. 20CR55451 and 20CR55483; otherwise affirmed.

**TOOKEY, P. J.**

In this consolidated appeal, defendant appeals a judgment convicting him of fourth degree assault, ORS 163.160, and stalking, ORS 163.732, and a judgment convicting him of harassment, ORS 166.065. Defendant raises three assignments of error. We remand for resentencing and otherwise affirm.

The relevant facts are undisputed. In October of 2020, defendant encountered a runner on the Fanno Creek Trail in Washington County. He made bear-like growling noises at her, sprinted after her and pushed her to the ground, causing injury to her hip and leg. The next day, when she went for another run on the trail, defendant was present in same spot. He once again made bear-like growling noises and yelled threats at her. When defendant was taken into custody later that day, he was behaving erratically and appeared to be experiencing a mental health crisis.

Defendant waived his right to a jury trial, and the state tried the case to the court. At trial, the victim, a bystander, and the responding officer testified to defendant's behavior on the trail. In addition, two psychologists opined on his mental state. The court ultimately found defendant guilty of fourth-degree assault and stalking, and sentenced him to three years of supervised probation.[1]

In his first and second assignments of error, defendant challenges the sufficiency of the evidence for his two convictions. He argues that expert testimony established that he was unable to act "knowingly," an element of both offenses, because he lacked the capacity to knowingly cause the victim physical injury and because he lacked the capacity to knowingly alarm or coerce the victim. The state contends first that the error is not preserved and argues that the evidence of defendant's conduct and the inferences that may reasonably be drawn from it is sufficient to meet the state's burden to prove that he acted knowingly.

As an initial matter, we agree with defendant that the error is preserved. Defendant argued in closing that

---

[1] During the sentencing hearing, defendant pled guilty to the harassment charge.

the state's evidence was legally insufficient to prove that he acted knowingly. In a bench trial, a closing argument challenging the legal sufficiency of the evidence is the equivalent of a motion for judgment of acquittal. *State v. Gonzalez*, 188 Or App 430, 431, 71 P3d 573 (2003).

We review a challenge to the sufficiency of the evidence by viewing the evidence "'in the light most favorable to the state, accepting reasonable inferences and reasonable credibility choices that the factfinder could have made'" to determine "'whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Madison*, 303 Or App 737, 739, 466 P3d 92 (2020) (quoting *State v. Derry*, 200 Or App 587, 589, 116 P3d 248 (2005), *rev den,* 340 Or 34 (2006)). "Whether a defendant's act may form the basis for an inference of that defendant's mental state depends on the facts and circumstances of a particular case[.]" *State v. Rogers*, 301 Or App 393, 399-400, 457 P3d 363 (2019).

Consistent with that standard of review, we conclude that it was not legal error for the trial court to find that defendant knowingly caused physical injury to the victim, and that he knowingly alarmed the victim by engaging in repeated and unwanted conduct toward her. The record shows that, during the first encounter, defendant turned his attention to the victim as she was running down the path. He then raised his arms and growled at her, which caused her to speed up to a sprint in order to run away. He pursued her while she was running at a full sprint for a significant amount of time. He caught up to her and pushed her to the ground while she was still running away. That fall caused her injuries. He then pulled on her arm to help her up, telling her that she was safe and that she should come with him, all while the victim was trying to physically push him off of her so she could get away. During the second encounter, the evidence showed that defendant recognized the victim and targeted her by directing threats specifically at her that referred to their previous encounter, before threatening bystanders who were attempting to help her. That evidence supports an inference that defendant acted with an awareness that his conduct was assaultive during the first

encounter, and that his conduct was alarming to the victim during both encounters. ORS 161.085(8) (defining "knowingly" as acting with "an awareness that the conduct of the person is of a nature so described or that a circumstance so described exists").

In his third assignment of error, defendant contends that the trial court erred when it imposed a special condition of probation prohibiting defendant from knowingly associating with persons who use or possess controlled substances illegally or frequenting places where such substances are kept or sold because it failed to announce this prohibition in his presence. The state concedes the error. This special condition appears in both judgments. "A criminal defendant has the right to have their sentence announced in open court." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118 (2023) (citing ORS 137.030(1) and *State v. Jacobs*, 200 Or App 665, 671, 117 P3d 290 (2005)). Although the court explained that it would impose "mental health and drug packages," that phrase was insufficient to apprise defendant of the challenged condition. The record does not show what the shorthand referred to or that the parties had the same understanding of its meaning. *See Preister*, 325 Or App at 581 (when the court uses a shorthand phrase in sentencing, it must be apparent in the record that the parties had the same understanding of the phrase and that the phrase included the conditions that were listed in the written judgment). We agree with the state's concession that this was error that requires resentencing.

Remanded for resentencing in Case Nos. 20CR55451 and 20CR55483; otherwise affirmed.