Submitted December 3, 2021; reversed and remanded on Count 1 and Count 2, remanded for resentencing, otherwise affirmed January 26, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHAD BRANDON PITCHER,
*Defendant-Appellant.*

Washington County Circuit Court
17CR63109; A173279

504 P3d 701

Janelle F. Wipper, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Kistler, Senior Judge.

PER CURIAM

Reversed and remanded on Count 1 and Count 2; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

On appeal, defendant contests his judgment of conviction for first-degree manslaughter (Count 1) and felon in possession of a firearm (Count 3). The state charged defendant by indictment with first-degree murder, ORS 163.115 (Count 1); unlawful use of a weapon, ORS 166.220(1)(a) (Count 2); and felon in possession of a firearm, ORS 166.270 (Count 3). After a jury found defendant not guilty of first-degree murder on Count 1, it instead found him guilty of the lesser-included offense of first-degree manslaughter; it found defendant guilty as charged on the other two counts. The sentencing court merged the guilty verdict in Count 2 into the guilty verdict on Count 1, and sentenced defendant on Counts 1 and 3.

Defendant makes five assignments of error on appeal. In his first assignment of error, defendant contends that the court erred in denying his demurrer on Count 3; having reviewed the record and the arguments, we reject defendant's assignment without further discussion. In his second, third, and fourth assignments of error, defendant contends that the trial court erred in instructing the jury that it could convict based on nonunanimous verdicts on Counts 1 through 3, and in accepting the jury's nonunanimous guilty verdicts on Count 1 and Count 2, and the unanimous guilty verdict on Count 3. The state concedes, and we agree, that the trial court erred by improperly instructing the jury on all the counts and that the error necessitates reversal and remand of the convictions on Count 1 and Count 2. *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (Sixth Amendment requires that the jury be unanimous to convict a criminal defendant of a serious offense). However, as to Count 3, defendant's arguments are foreclosed by *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020) (concluding that trial court's instructional error on nonunanimous verdicts is harmless when the verdict is unanimous).

Defendant raised the defense of self-defense in connection with Count 1. With respect to that defense, in his fifth assignment of error, defendant contends that the trial court erred in instructing the jury that defendant bore the

burden of proving the defense of self-defense by a preponderance of the evidence, in addition to instructing the jury, to the contrary and correctly, that the state bore the burden of negating the defense beyond a reasonable doubt. We address the issue to forestall its recurrence on remand. The state concedes that the trial court erred insofar as it instructed the jury that defendant had a burden to prove self-defense. We accept the state's concession and conclude that the court erred when it instructed the jury that self-defense was an affirmative defense on which defendant had a burden of proof. "Self-defense is an 'ordinary defense.' Once it is raised, the state has the burden of disproving it beyond a reasonable doubt. ORS 161.055(1)." *State v. Boyce*, 120 Or App 299, 305-06, 852 P2d 276 (1993) (internal citation omitted).

Reversed and remanded on Count 1 and Count 2; remanded for resentencing; otherwise affirmed.