***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted May 9, affirmed June 29, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

FREDERIC ALAN ROE,
*Defendant-Appellant.*

Lane County Circuit Court
19CR41181; A172626

Bradley A. Cascagnette, Judge.

Bear Wilner-Nugent filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Powers, Presiding Judge, and Lagesen, Chief Judge, and Hellman, Judge.

LAGESEN, C. J.

Affirmed.

## LAGESEN, C. J.

Defendant went grocery shopping while intoxicated and got into an argument with another customer, who was behind him in the checkout line. A few minutes later, the argument resurged in the parking lot. Defendant followed up by driving directly toward the other customer at a high speed, hitting him, knocking him down, and injuring him. The whole of the interaction was captured on video by the store's security cameras.

For that conduct, a jury found defendant guilty of assault in the second degree, ORS 163.175 (Count 1),[1] failure to perform duties of driver to injured persons, ORS 811.705(3)(b)[2] (Count 2), and driving under the influence of intoxicants, ORS 813.010(4) (Count 3). In so doing, the jury rejected defendant's contention that he acted in self-defense. On appeal, defendant contends that the trial court plainly erred by giving the jury conflicting instructions for self-defense and, in particular, by instructing the jury that self-defense is an affirmative defense which defendant had the burden of proving by a preponderance of evidence. Reviewing for legal error, *State v. Payne*, 366 Or 588, 603, 607, 468 P3d 445 (2020), we conclude that the trial court plainly erred. We affirm nonetheless because the error was invited and because we decline to exercise our discretion to correct it.

The relevant facts are procedural. Before trial, defendant gave notice of his intent to raise the defense of self-defense. Then, in his requested jury instructions, defendant requested the UCrJI 1010, regarding a defendant's burden of proof on an affirmative defense, as well as UCrJI

---

[1] Defendant was charged with first-degree assault, but the jury found him guilty of the lesser-included offense of second-degree assault.

[2] We note that the record reflects that defendant was charged and convicted under ORS 811.705(2)(b). ORS 811.705 was amended by House Bill 4055 (2018), which renumbered ORS 811.705(2)(b) to 811.705(3)(b), effective January 1, 2018. *See* Or Laws 2018, ch 22, § 2. Under *former* ORS 811.705(2)(b) (2017), *renumbered as* ORS 811.705(3)(b) (2018), conduct that constituted failure to perform duties of driver to injured person where the victim suffered serious physical injury was elevated from a Class C to a Class B felony. In this case, defendant's charge for failure to perform duties of driver to injured persons was a Class B felony due to the serious injury incurred by the victim and the statute should have been updated to ORS 811.705(3)(b) (2018).

1107, regarding self-defense. The trial court delivered both of defendant's requested instructions. In accordance with UCrJI 1010, the court instructed:

> "The defendant has raised the affirmative defense of self-defense to the charge of Assault in the First Degree. If the defendant proves this affirmative defense, then *** defendant is not guilty of the charge Assault in the First Degree.

> "To establish the affirmative defense of self-defense, the defendant must prove [the defense] by a preponderance of the evidence."

Then, in accordance with UCrJI 1107, the court instructed:

> "The defense of self-defense has been raised. ***

> "The burden of proof is on the State to prove beyond a reasonable doubt that the defense does not apply."

The court gave the jury written copies of the instructions to guide the deliberations.

After the jury started to deliberate, defendant observed that the instructions were erroneous because he intended to raise the defense of self-defense with respect to all charges, not just the assault charge. To remedy the error, the court suggested recalling the jury, correcting the error, then otherwise repeating the same instructions for the defense of self-defense. After reading to counsel the instructions it intended to repeat to the jury, including both defendant's and the state's burden of proof, the court asked counsel, "Is that acceptable to the two of you?" Both parties agreed. After giving the additional instruction to the jury, the court asked defendant if his concerns were alleviated. He said they were.

On appeal, defendant contends that the trial court plainly erred by instructing the jury both that defendant bore the burden of proving self-defense by a preponderance of the evidence and, to the contrary and correctly, that the state bore the burden of negating the defense beyond a reasonable doubt. Defendant argues that we should exercise our discretion to correct that error.

The trial court's conflicting instructions were erroneous. We recently confronted the identical instructional error in *State v. Pitcher*, 317 Or App 269, 271, 504 P3d 701 (2022). There, as here, the trial court instructed the jury incorrectly that self-defense was an affirmative defense on which the defendant had the burden of proof, and also instructed the jury correctly that the state had the burden of disproving self-defense beyond a reasonable doubt. We explained that "the court erred when it instructed the jury that self-defense was an affirmative defense on which defendant had a burden of proof." *Id*. That is because, "[s]elf-defense is an 'ordinary defense.' Once it is raised, the state has the burden of disproving it beyond a reasonable doubt. ORS 161.055(1)." *State v. Boyce*, 120 Or App 299, 305-06, 852 P2d 276 (1993) (internal citation omitted).

The trial court's error, however, is not a reversible one for two reasons. First, the invited-error doctrine precludes reversal. Under that doctrine, we will not reverse based on an error by the trial court when the appealing party was actively instrumental in bringing about the alleged error. *State v. Kammeyer*, 226 Or App 210, 214, 203 P3d 274, *rev den*, 346 Or 590 (2009). Here, defendant invited the error by requesting the erroneous jury instruction in the first place and then re-approving its delivery when the jury was instructed the second time. *See, e.g.*, *State v. Saunders*, 221 Or App 116, 122, 188 P3d 449, *rev den*, 345 Or 416 (2008) (defense counsel's statement that he could not "think of a better way" to instruct the jury invited any error pertaining to the trial court's subsequent jury instruction).

Second, even if the invited-error doctrine did not apply and we were reviewing for plain error, we would not exercise our discretion to correct the unpreserved instructional error in this case. In considering whether to exercise our discretion to correct an unpreserved error, we consider, among other things, a defendant's role in bringing about the error as well as what "the ends of justice" require in a particular case. *State v. Roy*, 275 Or App 107, 113, 364 P3d 1003 (2015), *rev den*, 359 Or 525 (2016) (quotation marks omitted). Here, as noted, defendant himself was the cause of the error. Beyond that, we are not persuaded that the ends of justice require us to correct the error. That is because the video

evidence of defendant's act of running down the victim with his car effectively negates any claim of self-defense, making it unlikely that defendant could prevail on that defense with a properly instructed jury. Under those circumstances, the ends of justice do not weigh in favor of reversal.

Affirmed.