***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted May 9, affirmed June 7, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NICKOLAS THOMAS MIKES,
aka Nicholas Mikes,
aka Nicholas Thomas Mikes,
aka Nicklas Thomas Mikes,
*Defendant-Appellant.*

Coos County Circuit Court
21CR11015; A176875

Andrew E. Combs, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals from a judgment of conviction for one count of assault in the fourth degree constituting domestic violence, ORS 163.160 (Count 1); one count of harassment, ORS 166.065 (Count 2); one count of recklessly endangering another person, ORS 163.195 (Count 3); and one count of assault in the fourth degree, ORS 163.160 (Count 5).[1] In his first three assignments of error, he argues that the trial court plainly erred by failing to instruct the jury that the minor-child aggravating element for Counts 1, 2, and 5 requires a culpable mental state. *See, e.g.*, ORS 163.160(3)(a) (in certain circumstances, assault in the fourth degree can be a Class C felony if it is committed "in the immediate presence of, or is witnessed by, the person's or the victim's minor child or stepchild or a minor child residing within the household of the person or victim"). In his fourth assignment of error, he contends that the trial court plainly erred by failing to deliver a jury concurrence instruction for the charge of reckless endangerment, because there were multiple incidents that could have supported a conviction for that crime. We affirm.

We reject all four of defendant's unpreserved assignments of error, because we are not persuaded that the ends of justice counsel in favor of exercising our discretion to correct the unpreserved errors. *See State v. Roy*, 275 Or App 107, 113, 364 P3d 1003 (2015), *rev den*, 359 Or 525 (2016) (recognizing that we exercise that discretion with "utmost caution," taking into account "the ends of justice" (internal quotation marks omitted)).

Beginning with defendant's first three assignments of error, even assuming that the trial court plainly erred, the evidence makes it unlikely that a properly instructed jury would have returned a different verdict. Assuming without deciding that the required mental state for the element of the presence of a minor child is either criminal negligence or recklessness,[2] there was no dispute that a child—a baby— was immediately present for almost all of the assaultive

---

[1] Defendant was acquitted of one count of harassment, ORS 166.065 (Count 4).

[2] For purposes of this appeal defendant has assumed that the appropriate mental state is criminal negligence, whereas the state in its briefing seems to

conduct. The baby's mother was shielding the baby while being assaulted, blood got onto the baby's clothes, and, according to trial testimony, the baby was shaking as he looked around during one of the assaults. Indeed, defense counsel told the jury in closing that "nobody's denying that the poor baby's in the middle of all this." As to defendant's arguments specifically targeting Count 1, defendant contends that, because there was evidence that one of defendant's assaults occurred while the baby was being carried away while facing the scene, the jury could have reasonably concluded that defendant did not have a culpable mental state as to the element of the presence of a minor child. However, the fact that the baby was eventually removed from the scene does not mitigate the substantial risk that the child would witness the final assault while he was being carried away. *Cf. State v. Scatamacchia*, 323 Or App 31, 35, 522 P3d 26 (2022), *rev den*, 370 Or 827 (2023) (in analyzing harmless error in context of criminal negligence, looking to see whether the circumstances "gave rise to a substantial risk" that the victim would be seriously injured). Defendant's testimony and the evidence in the record about the circumstances surrounding the assault demonstrate that he was reckless as to that element—that is, he was "aware of" the substantial risk that the child was present or would see the assault and continued the assault despite that awareness. ORS 161.085(9). Given those circumstances, the ends of justice do not counsel in favor of exercising our discretion to address the error.

With regard to defendant's fourth assignment of error, the record similarly demonstrates that "the ends of justice" do not require us to correct any error. *Roy*, 275 Or App at 113. Defendant contends that the evidence could have supported a finding of reckless endangerment either for slapping the baby or for assaulting the mother while she was shielding the baby with her body. In its closing argument, the state specifically cited defendant's hitting the mother while she was sheltering the baby as conduct constituting reckless endangerment, and defense counsel's closing responded to that specific conduct. The state also

---

imply that the appropriate mental state would be recklessness for the assault charges and criminal negligence for harassment.

identified the slap as the basis for one of the harassment charges (Count 4), and defense counsel made arguments in closing specific to that understanding. Although there was no formal election, the jury was made aware of which conduct was associated with each charge. Therefore, we are not persuaded that declining to exercise our discretion would be unjust in these circumstances. *See id.* at 113-14 (declining to exercise discretion to address unpreserved error in similar circumstances).

Affirmed.