No. 893			October 8, 2025			185

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THOMAS ANTHONY MURPHY II,
aka Thomas Anthony Murphy, aka Thomas Murphy,
aka Thomas A. Murphy, aka Thomas A. Murphy II,
*Defendant-Appellant.*

Jackson County Circuit Court
22CR49824, 23CR44945; A182772 (Control), A182773

Laura A. Cromwell, Judge.

Submitted May 9, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

In this consolidated criminal appeal, defendant appeals judgments convicting him of second-degree murder, ORS 163.115; attempted murder, ORS 161.405; unlawful use of a weapon, ORS 166.220; attempt to elude a police officer, ORS 811.540; and witness tampering, ORS 162.285. Defendant raises three assignments of error. In his first assignment of error, defendant challenges the trial court's denial of his motion for judgment of acquittal on the charge of witness tampering. In his combined second and third assignments of error, defendant argues that the trial court erred by allowing the prosecutor to make improper statements in closing rebuttal arguments that purportedly shifted the burden of proof to defendant. We affirm.

*Denial of Motion for Judgment of Acquittal for Witness Tampering.* We review motions for judgment of acquittal by viewing the evidence in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential elements of the crime beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431, (1994), *cert den*, 514 US 1005 (1995).

Witness tampering requires a person to knowingly induce or attempt to induce a witness or someone the person believes may be called as a witness in any official proceeding to offer false testimony or unlawfully withhold testimony. ORS 162.285(1)(a). In *State v. Bailey*, 346 Or 551, 213 P3d 1240 (2009), the Supreme Court interpreted ORS 162.285(1)(a) and explained that a defendant's intended inducement "must reflect, either directly or by fair inference, that the [defendant] at that time specifically and reasonably believes that the victim will be called to testify at an official proceeding." *Id*. at 565. Also, the defendant must have intended to induce the person to testify falsely at that future proceeding. *Id*. at 567.

Defendant argues that no reasonable juror could infer that defendant knowingly attempted to induce a witness, A, to provide false testimony at an official proceeding. The state argues that a reasonable juror could infer from

the evidence that defendant intended A to provide false testimony at the trial.

Here, the evidence, viewed in the light most favorable to the state, permitted the jury to infer beyond a reasonable doubt that defendant specifically and reasonably believed A would be called to testify at trial. Defendant knew that A was an eyewitness to the shooting that formed the basis for the criminal charges against defendant. Defendant knew that trial was scheduled on those charges. While in jail pending trial, defendant had a telephone conversation with A where defendant told A, "[I]f someone doesn't speak to my lawyer and say I didn't do it, I'm going to do 20 years at least * * * [l]ike I need you to talk to my lawyer." Later in the conversation, defendant told A that the trial was going to be in January 2024 and reiterated, "if something doesn't happen then I'm going to do, like, 20-plus years." Defendant asked A to contradict a prior statement in which she had said that defendant committed the offenses by saying defendant did not commit the offenses.

In the light most favorable to the state, a juror could draw a reasonable inference that defendant intended to induce A to falsely testify at trial to help defendant avoid a lengthy prison sentence. Although other inferences may be reasonable, as defendant argues and the state acknowledges, the trial court properly permitted the jury to decide which inference to draw. *State v. Derry*, 200 Or App 587, 591-92, 116 P3d 248 (2005), *rev den*, 340 Or 34 (2006). Accordingly, we conclude that the trial court did not err in denying defendant's motion for judgment of acquittal.

*Prosecutorial Statements.* In combined argument in support of defendant's second and third assignments of error, defendant argues that the prosecutor's statements during closing rebuttal argument constituted reversible plain error under ORAP 5.45(1). To be plain, the assigned error must be (1) one of law; (2) obvious and not reasonably in dispute; and (3) apparent on the face of the record. *State v. Chitwood*, 370 Or 305, 311, 518 P3d 903 (2022). If the error is plain, we may exercise our discretion to reverse if the prosecutor's remarks were "so prejudicial that they deprived the

defendant of a fair trial." *Id.* at 314. Here, we conclude that the prosecutor's remarks were not plain error.

At trial, defendant raised the defense of self-defense, asserting that the victim, N, was attempting to pull a gun on him when defendant shot and killed N. The state had the burden to disprove self-defense beyond a reasonable doubt. ORS 161.055; *State v. Pitcher*, 317 Or App 269, 504 P3d 701 (2022). The trial court correctly instructed the jury on the state's burden. During rebuttal closing argument, the prosecutor stated:

"According to the Defendant, as well as [W] and [A], everyone saw the Defendant had a firearm, the Defendant supposedly announced to him when he was there that he had a firearm. So you're telling me, according to the Defendant's story, that in this rob—this robbery or whatever it is that he's saying was going to happen, that the victim, knowing the Defendant has a firearm, is going to roll up on him with a broken firearm and point at him knowing this guy also has a firearm. Wow.

"Okay. Why else isn't it self-defense? One, no testimony besides the Defendant, who has every reason to provide a self-serving statement, that [N] had a gun in his hand, or on his person, from the disinterested witnesses. [W] was like, no, he didn't. And [A], in her recorded statement and in testimony, said, no, didn't have a gun on him. Wasn't a gun around him when he was shot and on the ground.

"The gun on the scene was found in his vehicle. No DNA from [W or A] on [N's] firearm, or the firearm that was in his car. Which would be necessary, right, because it would be placed the car afterward. [Defense counsel] says, well, just because he touched something. I'm telling – I'm asking you all to make a reasonable inference. You just saw someone get shot twice. Are you just like, wow. Please.

"* * * * *

"There's no testimony that it was aggressive or threatening besides the self-serving testimony, it had mean mugging from the other side of the car and then again reaching for a gun and coming up on him when he was already in the car."

Defendant asserts that the trial court erred by allowing the prosecutor's statements that (1) there was no

evidence, other than defendant's testimony, supporting his claim that N had a gun in his hand and (2) that there was no evidence that N was acting aggressively or threatening. Defendant argues that the prosecutor impermissibly shifted the burden of proof to defendant by telling the jury that defendant's own testimony is the sole evidence supporting his self-defense theory. Defendant further argues that those statements were so prejudicial that the jury instructions on the burden of proof were too generic to properly inform the jury that the state bore the burden to disprove the defense of self-defense beyond a reasonable doubt.

The state argues that the prosecutor's arguments were not improper. It contends that the prosecutor permissibly argued that the weight of the evidence was in the state's favor. Thus, the statements did not shift the burden of proof because they did not ask the jury to infer guilt from the absence of evidence. The state also argues that if the arguments were improper, a curative instruction could have cured any prejudice.

A prosecutor cannot mischaracterize the jury's fact-finding function in a way that raises a realistic possibility of confusing the jurors about the standard of proof. *State v. Mayo*, 303 Or App 525, 531, 465 P3d 267 (2020). However, a prosecutor may argue that the jury should believe the state's version of events rather than the defendant's. *State v. Purrier*, 265 Or App 618, 620-21, 336 P3d 574 (2014). To determine if the prosecutor's comments could have misled the jury about the state's burden to prove defendant guilty beyond a reasonable doubt, we must consider the comments in context. *State v. Brannan*, 332 Or App 36, 42, 549 P3d 19 (2024).

Here, the state's closing arguments were not obviously improper. In *Brannan*, we held that the prosecution could argue that there was more evidence supporting the state's theory than there was supporting the defendant's theory, to illustrate how the jury should assess the defendant's theory considering the evidence presented during trial. *Id.* at 42. The same is true here. Viewing the prosecutor's remarks in context, the prosecutor permissibly argued that the weight of the evidence supported the state's theory

that defendant did not shoot N in self-defense. Thus, the state's arguments were not obviously improper under the plain-error analysis.

Even if the prosecutor's arguments qualified as plain error, we would not exercise our discretion to reverse. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (outlining the nonexhaustive list of factors this court should consider when determining whether to exercise its discretion to reverse based on plain error). "Generally, a proper jury instruction is adequate to cure any presumed prejudice from a prosecutor's misconduct." *State v. Davis*, 345 Or 551, 583, 201 P3d 185 (2008). On this record, a curative instruction could have cured any prejudice from the prosecutor's arguments if defendant had objected. Thus, defendant was not denied a fair trial and we would not exercise our discretion to reverse. *See Ailes*, 312 Or at 382.

Affirmed.