878 June 24, 2026 No. 580

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RANDY MATEO DE ACOSTA,
aka Randy Deacosta, aka Randy Matao-Decosta,
aka Randy Matel-Dealosta, aka Randy Mateo-De-Costa,
aka Randy Mateodeacosta,
*Defendant-Appellant.*

Douglas County Circuit Court
23CR55930; A183495

Kathleen E. Johnson, Judge.

Submitted June 2, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Zachary Lovett Mazer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Elise Josephson, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

## PAGÁN, J.

Defendant appeals a judgment convicting him of unlawful use of a weapon, ORS 166.220 (Count 1); third-degree escape, ORS 162.145 (Count 2); menacing, ORS 163.190 (Count 3); and resisting arrest, ORS 162.315 (Count 4), advancing three assignments of error. In his first two assignments, defendant argues that the trial court erred in denying his motions for a judgment of acquittal on Counts 1 and 3. In his third assignment of error, defendant argues that the court plainly erred in failing to instruct the jury that a culpable mental state attached to the substantial-risk-of-physical-injury element of resisting arrest. As we will discuss below, we reject all three assignments and affirm.

*Motions for Judgment of Acquittal.* We review the denial of a motion for judgment of acquittal to determine "whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Severson*, 325 Or App 550, 551, 529 P3d 302, *rev den*, 371 Or 332 (2023) (internal quotation marks omitted). "We give the state the benefit of reasonable inferences which need not inevitably follow from the established facts; rather, if the established facts support multiple reasonable inferences, the jury may decide which inference to draw." *Id.* (internal quotation marks omitted).

ORS 163.190(1) provides that "[a] person commits the crime of menacing if by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury." And, as relevant here, ORS 166.220(1)(a) provides that "[a] person commits the crime of unlawful use of a weapon if the person *** [a]ttempts to use unlawfully against another, or carries or possesses with intent to use unlawfully against another, any dangerous or deadly weapon as defined in ORS 161.015."[1] "Use,"

---

[1] A "dangerous weapon" is "any weapon, device, instrument, material or substance which under the circumstances in which it is used, attempt to be used or threatened to be used, is readily capable of causing death or serious physical injury." ORS 161.015(1). A "deadly weapon" is "any instrument, article or substance specifically designed for and presently capable of causing death or serious physical injury." ORS 161.015(2).

in the context of ORS 166.220, includes both "employment of a weapon to inflict harm or injury and employment of a weapon to threaten immediate harm or injury." *State v. Ziska/Garza*, 355 Or 799, 811, 334 P3d 964 (2014).

Here, in response to questioning by law enforcement, defendant held one or more knives in his hands while telling the officers that he would not allow them to arrest him and that they would have to kill him. Defendant contends that that evidence is legally insufficient to prove that he used the knives (which he does not dispute constituted "dangerous weapons" or "deadly weapons") to threaten the officers with immediate harm (unlawful use of a weapon), much less that he intended to place them in fear of imminent serious physical injury (menacing). That is so, in defendant's view, because defendant did not brandish the knives at the officers or advance on them, and he "immediately" retreated. We disagree.

There is evidence that, although defendant ultimately retreated, he did not immediately do so. In any event, a rational trier of fact could find from the evidence and reasonable inferences drawn therefrom that, with the combination of his statements and conduct, defendant intended to threaten—or place the officers in fear of—imminent serious physical injury. That a jury could also reach different conclusions based on the same evidence is immaterial. We therefore reject defendant's first and second assignments of error.

*Failure to Instruct Jury Regarding Culpable Mental State.* ORS 162.315(1) provides that "[a] person commits the crime of resisting arrest if the person intentionally resists a person known by the person to be a peace officer or parole and probation officer in making an arrest." The statute defines "resists" as

> "the use or threatened use of violence, physical force or any other means that creates a substantial risk of physical injury to any person and includes, but is not limited to, behavior clearly intended to prevent being taken into custody by overcoming the actions of the arresting officer."

ORS 162.315(2)(c). In *State v. Prophet*, 318 Or App 330, 350, 507 P3d 735, *rev den*, 370 Or 472 (2022), we concluded that

"the element of creating a substantial risk of injury is a material element that necessarily requires a mental state."[2] (Internal quotation marks omitted.)

We agree with the parties that the trial court's failure to include an instruction regarding a culpable mental state for the creating a substantial risk of physical injury element of resisting arrest constitutes plain error, *see State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) ("For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences."); *State v. Tow*, 321 Or App 294, 298, 515 P3d 936 (2022) ("In light of recent cases on the law of culpable mental states, we conclude that the trial court plainly erred when it did not instruct the jury that it had to find that defendant acted with a culpable mental state with respect to 'the substantial risk of physical injury' element in ORS 162.315(c)."), but we conclude, as the state argues, that any error was invited. *See State v. Kammeyer*, 226 Or App 210, 214, 203 P3d 274, *rev den*, 346 Or 590 (2009) ("Under the invited error doctrine, a party who was actively instrumental in bringing about an alleged error cannot be heard to complain, and the case ought not to be reversed because of it." (Internal quotation marks omitted.)); *see also State v. Harris*, 362 Or 55, 67, 404 P3d 926 (2017) ("As this court has long held, invited error is no basis for reversal."). The record shows that, not only did defendant not object to the failure to give an instruction that defined the correct mental state, defendant specifically requested an out-of-date uniform jury instruction for resisting arrest that did not include the "substantial risk of physical injury element." Having requested the incorrect instruction, defendant cannot now be heard to complain that the trial court plainly erred in failing to give a different instruction. *See, e.g.*, *State v. Saunders*, 221 Or App 116, 122, 188 P3d 449, *rev den*, 345 Or 416 (2008) (defense counsel's statement that he could not "think of a better way" to instruct the jury invited any error pertaining to the trial court's subsequent jury instruction).

---

[2] We also concluded that the legislature did not intend for "intentionally" to be that mental state. *Prophet*, 318 Or App at 350.

However, even if the invited-error doctrine did not apply and we were to review for plain error, we would not exercise our discretion to correct the unpreserved instructional error in this case. In considering whether to exercise our discretion to correct an unpreserved error, we consider, among other things, a defendant's role in bringing about the error as well as what "the ends of justice" require in a particular case. *State v. Roy*, 275 Or App 107, 113, 364 P3d 1003 (2015), *rev den*, 359 Or 525 (2016) (internal quotation marks omitted). Here, as noted, defendant himself was the cause of the error. At trial, defendant did not dispute the resisting arrest charge. Under those circumstances, we conclude that the ends of justice do not require reversal.

Affirmed.