On appellant's petition for reconsideration filed April 11; reconsideration allowed, former disposition (318 Or App 566, 507 P3d 295) withdrawn, reversed and remanded August 10, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LEONARD DALE TOW,
*Defendant-Appellant.*

Washington County Circuit Court
18CR78310, 18CR06991;
A170948 (Control), A170950

515 P3d 936

Defendant seeks reconsideration of *State v. Tow*, 318 Or App 566, 507 P3d 295 (2022), in which the Court of Appeals affirmed defendant's conviction of resisting arrest, ORS 162.315, as well as the trial court's finding that he violated the terms of his probation, in light of the recent decision in *State v. Prophet*, 318 Or App 330, 507 P3d 735 (2022). On reconsideration, defendant reasserts in supplemental briefing that the trial court erred in failing to instruct the jury that resisting arrest requires a mental state for the element of creating a substantial risk of physical injury. Defendant also contends that the recent cases provide an alternative ground for reversal and requests that the court conduct plain-error review. *Held*: In light of recent cases on the law of culpable mental states, the trial court plainly erred when it did not instruct the jury that it had to find that defendant acted with a culpable mental state with respect to "the substantial risk of physical injury" element in ORS 162.315(2)(c).

Reconsideration allowed; former disposition withdrawn; reversed and remanded.

Theodore E. Sims, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna Belais, Deputy Public Defender, Office of Public Defense Services, for petition. Kyle Krohn, Deputy Public Defender, filed the supplemental brief.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, for response.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

POWERS, J.

Reconsideration allowed; former disposition withdrawn; reversed and remanded.

**POWERS, J.**

In this consolidated criminal case, defendant petitions for reconsideration of our per curiam opinion in *State v. Tow*, 318 Or App 566, 507 P3d 295 (2022), in which we affirmed in light of our recent decision in *State v. Prophet*, 318 Or App 330, 507 P3d 735 (2022), defendant's conviction of resisting arrest (ORS 162.315) and finding that he violated the terms of his probation. For the reasons explained below, we conclude that the trial court plainly erred in failing to instruct the jury that it had to find that defendant acted with a culpable mental state for one of the elements of resisting arrest and further conclude that the error was not harmless. Accordingly, we allow reconsideration, withdraw our former disposition, and reverse and remand for further proceedings.

The petition for reconsideration arises out of a quirk in the procedural history of this case. The day before we issued our initial per curiam opinion, defendant filed a motion requesting to file supplemental briefing. That motion, however, was not entered into the Appellate Case Management System (ACMS)—or viewed by the panel—until the day after the per curiam opinion issued. Given the timing of the events, we denied the motion for supplemental briefing without prejudice, so as to allow defendant to file a petition for reconsideration. After defendant filed the petition for reconsideration, we requested supplemental briefing from the parties to address two Supreme Court cases that were decided after the briefing in this case—*State v. Owen*, 369 Or 288, 505 P3d 953 (2022), and *State v. McKinney/Shiffer*, 369 Or 325, 505 P3d 946 (2022)—as well as our recent decision in *Prophet*.

On reconsideration, defendant reasserts that the trial court erred in failing to instruct the jury that resisting arrest requires a mental state for the element of creating a substantial risk of physical injury.[1] Defendant also contends

---

[1] ORS 162.315 provides, in part:

"(1) A person commits the crime of resisting arrest if the person intentionally resists a person known by the person to be a peace officer or parole and probation officer in making an arrest.

"(2) As used in this section:

that the recent cases provide an alternative ground for reversal and requests that we conduct plain-error review. Specifically, defendant relies on the Supreme Court's recent decision in *Owen* to argue that the "minimum mental state for any element that requires one is criminal negligence."[2] Further, defendant explains that *Prophet* subsequently held that "resisting arrest requires a mental state for the risk of injury element, though [the court] did not expressly identify the correct mental state." Therefore, according to defendant, "*Prophet* and *Owen* together establish that the trial court erred when it failed to instruct the jury that a mental state of at least criminal negligence applied to the risk of injury element—and when it instead gave only the uniform [jury] instructions, which do not specify any mental state for the element." Defendant further asserts that the error was not harmless and requests that we exercise our discretion to correct the error.[3]

In response, the state argues that the alleged error does not constitute plain error because it is not obvious or beyond dispute that the trial court was required to instruct the jury that resisting arrest requires a mental state of at least criminal negligence for the element of creating a substantial risk of physical injury, or that the instruction given did not suffice. In particular, the state contends that the legislature "went out of its way to identify a particular kind of conduct that necessarily falls within that definition" by

---

"(a) 'Arrest' has the meaning given that term in ORS 133.005 and includes, but is not limited to, the booking process.

"(b) 'Parole and probation officer' has the meaning given that term in ORS 181A.355.

"(c) 'Resists' means the use or threatened use of violence, physical force or any other means that creates a substantial risk of physical injury to any person and includes, but is not limited to, behavior clearly intended to prevent being taken into custody by overcoming the actions of the arresting officer. The behavior does not have to result in actual physical injury to an officer. Passive resistance does not constitute behavior intended to prevent being taken into custody."

[2] Defendant had argued in his opening brief that the trial court erred in failing to instruct the jury that defendant intentionally created a substantial risk of physical injury.

[3] Defendant also argues, in the alternative, that the trial court erred in not giving his requested instruction when the charging instrument alleged that defendant "intentionally" resisted arrest; our disposition, however, obviates the need to address defendant's alternative argument.

including in ORS 162.315(2)(c) "behavior clearly intended to prevent being taken into custody by overcoming the actions of the arresting officer." Therefore, the state argues that it was not necessary for the state to have to prove that defendant had a culpable mental state for the risk of injury element, because the state made a showing that defendant's behavior was "clearly intended to prevent being taken into custody by overcoming the actions of the arresting officer." Highlighting that its theory of the case was that defendant kicked and flailed at the officers in an attempt to prevent them from taking him into custody, the state argues that that conduct, if proven, constituted *per se* resistance. In the alternative, the state asserts that the error was harmless because the jury found that defendant intentionally resisted arrest by struggling with the officers and that there is little likelihood that the jury would not have also found that he was criminally negligent with respect to creating a substantial risk of injury to himself or the officers.

In light of recent cases on the law of culpable mental states, we conclude that the trial court plainly erred when it did not instruct the jury that it had to find that defendant acted with a culpable mental state with respect to "the substantial risk of physical injury" element in ORS 162.315 (2)(c). *See State v. Waterman*, 319 Or App 695, 702, 511 P3d 78 (2022) (concluding that, under *Owen* and other cases, the trial court plainly erred in not instructing the jury that it had to find that the defendant acted with a culpable mental state with respect to the value of property damaged for purposes of first-degree criminal mischief); *see also State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) (explaining that we determine error based on the law as it existed at the time of the appellate decision, not at the time of the disputed ruling, and acknowledging the "ostensibly incongruous results" by using that approach).

We further conclude that the error was not harmless when considering the instructions as a whole in the context of the evidence and the record at trial, including the parties' theories of the case. *See State v. Payne*, 366 Or 588, 609, 468 P3d 445 (2020) (outlining the harmless error standard under Article VII (Amended), section 3, of the Oregon

Constitution in the context of a trial court's failure to give a jury instruction). In particular, the parties presented contradicting evidence regarding whether defendant kicked and flailed his legs when the officers attempted to get him into the police car, and there was a dispute about whether or not some of defendant's movements were voluntary. Therefore, we cannot conclude that there was little likelihood that the error affected the verdict.

Finally, although defendant argues that the applicable mental state should be, at a minimum, criminal negligence, we need not decide that issue because neither party has engaged in the required statutory construction to determine what particular culpable mental state that the legislature intended would apply to the "substantial risk of physical injury" element under ORS 162.315(2)(c). *See State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (outlining the methodology for statutory interpretation). On remand, should the state elect to retry defendant, the parties will have an opportunity to develop their arguments on that point, as well as to address how the "behavior clearly intended to prevent being taken into custody by overcoming the actions of the arresting officer" language fits within the statutory framework.

Reconsideration allowed; former disposition withdrawn; reversed and remanded.