No. 687          December 28, 2023          797

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL DAVID JACKSON,
*Defendant-Appellant.*

Deschutes County Circuit Court
18CR24467; A170564

Beth M. Bagley, Judge.

Argued and submitted November 13, 2023.

Kali Montague, Chief Deputy Public Defender, argued the cause for appellant. Also on the supplemental and reply briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services. On the opening brief were Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mark Kimbrell, Deputy Public Defender, Office of Public Defense Services.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Hadlock, Judge pro tempore.

AOYAGI, P. J.

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.

**AOYAGI, P. J.**

Defendant was convicted of resisting arrest, ORS 162.315 (Count 1), and improper use of emergency communications system, ORS 165.570 (Count 2), in connection with a police encounter in the ATM vestibule of a bank. On appeal, he raises two assignments of error. First, he challenges the trial court's denial of his motion to suppress evidence that he contends was obtained as the result of an unlawful seizure. Second, he argues that the trial court plainly erred in failing to instruct the jury on the minimum required culpable mental state for the "substantial risk of physical injury" element of resisting arrest. For the following reasons, we reverse defendant's conviction for resisting arrest, but we affirm the denial of his motion to suppress.

*Motion to suppress.* We review the denial of a motion to suppress for legal error. *State v. Ramirez*, 305 Or App 195, 197, 468 P3d 1006 (2020). Our review is based on "the record made before the trial court when it issued the order, not the trial record as it may have developed at some later point." *State v. Pitt*, 352 Or 566, 575, 293 P3d 1002 (2012). The trial court's factual findings are binding on appeal if the record contains constitutionally sufficient evidence to support them. *State v. Maciel-Figueroa*, 361 Or 163, 165-66, 389 P3d 1121 (2017). Where the court did not make explicit findings, we will presume implicit findings consistent with the ultimate ruling. *Id.* at 166.

Around midnight, a police officer observed defendant and another man, R, inside the ATM vestibule of a bank. They were conversing, had a number of items spread out on the counter, and did not appear to be using the ATM. The officer drove around the block, parked, then approached the building and stood out of sight beside the vestibule door for two to five minutes. It sounded like the men "were playing music and just kind of carrying on with each other," which reassured the officer that there was no robbery or hold-up occurring but caused him to suspect criminal trespassing. When R noticed him and exclaimed, the officer moved to the glass door, knocked, and identified himself. While standing at the door, holding it open, the officer asked for the men's identification. Defendant was reluctant to provide

identification and eventually called 9-1-1 to report that he was being harassed by a police officer (the basis for Count 2). At that point, the officer told defendant that he was arresting him for improper use of emergency communications system. Defendant tensed his arms and resisted handcuffing (the basis for Count 1).

Defendant was charged by information. At trial, he moved to suppress evidence on the basis that it was obtained as the result of an unlawful seizure. The trial court denied the motion, ruling that, to the extent that defendant was stopped, the officer had reasonable suspicion of criminal trespassing.

"Analytically, police-citizen encounters typically fall into one of three categories that correlate the degree of intrusiveness on a citizen's liberty with the degree of justification required for the intrusion." *State v. Fair*, 353 Or 588, 593, 302 P3d 417 (2013). The categories are mere conversations, stops, and arrests. *State v. Ashbaugh*, 349 Or 297, 308-09, 244 P3d 360 (2010). A mere conversation is a "non-coercive encounter" that does not involve "any" restraint on the person's liberty or freedom of movement, *State v. Arreola-Botello*, 365 Or 695, 701, 451 P3d 939 (2019) (internal quotation marks omitted), whereas a "stop" is a temporary detention for investigatory purposes that imposes a "temporary restraint on a person's liberty" and, as relevant here, requires reasonable suspicion of a crime, *Ashbaugh*, 349 Or at 308-09. Reasonable suspicion is a lesser standard than probable cause. *State v. Middleton*, 302 Or App 339, 352, 459 P3d 918 (2020). The officer must subjectively suspect that the defendant has committed a crime, that suspicion must be based on specific and articulable facts, and that suspicion must be objectively reasonable under the circumstances. *Id.*; *State v. Walker*, 277 Or App 397, 401-02, 372 P3d 540, *rev den*, 360 Or 423 (2016).

Having reviewed the record, we agree with the trial court that, assuming that defendant was stopped, the officer had reasonable suspicion of criminal trespass under the totality of the circumstances. *Cf. State v. Wampler*, 325 Or App 722, 728, 530 P3d 133, *rev den*, 371 Or 477 (2023) (holding that an officer had reasonable suspicion of criminal

trespassing where he observed the defendant in a parked van in a private driveway at night for several minutes). It is important to note that an officer may have reasonable suspicion even if the defendant is not actually committing a crime. *State v. Sjogren*, 274 Or App 537, 541, 361 P3d 633 (2015) ("Reasonable suspicion does not require that the articulable facts as observed by the officer *conclusively* indicate illegal activity but, rather, only that those facts support the *reasonable inference* that a person has committed a crime." (Internal quotation marks omitted; emphases in original.)). The court did not err in denying defendant's motion to suppress.[1]

*Jury instruction*. Defendant next contends that the trial court plainly erred in failing to instruct the jury that, to find him guilty of resisting arrest, it was necessary to find that his mental state was at least criminally negligent with respect to the "substantial risk of physical injury" element of the offense. *See* ORS 162.315(1) ("A person commits the crime of resisting arrest if the person intentionally resists a person known by the person to be a peace officer or parole and probation officer in making an arrest."); ORS 162.315(2) (c) ("'Resists' means the use or threatened use of violence, physical force or any other means that creates a substantial risk of physical injury to any person ***."). Defendant did not request such an instruction, so he seeks plain-error review.

"Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct

---

[1] In light of the foregoing analysis, we deny defendant's request under ORS 19.420(3) for a new trial on both charges based on the state's loss of the bank surveillance video after trial. *See* ORS 19.420(3) (allowing for remand for a new trial based on the loss of "the exhibits or other matter necessary to the prosecution of the appeal"). In *State v. Jackson*, 369 Or 510, 508 P3d 457 (2022), the Supreme Court reviewed an order of the Appellate Commissioner regarding the lost video in this case and its significance to the issues on appeal. As relevant here, the Supreme Court noted that, if this court were to "assume rather than decide that defendant was seized" and affirm on "some other legal basis"—such as the existence of reasonable suspicion—then the lost video would be "unnecessary" to our resolution of the appeal. *Id.* at 525-26. That is so because, in the circumstances of this case, the video is potentially relevant only to whether defendant was seized, not to whether the officer had reasonable suspicion. *See id.* The video has therefore proved to be unnecessary to the prosecution of the appeal.

a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether we will correct a plain error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

The state concedes that, under current law, the trial court plainly erred by not instructing the jury on the mental state required for the "substantial risk of physical injury" element of resisting arrest. The state further concedes that, on this record, the error was not harmless and that we should exercise our discretion to correct it. We agree on each point. *See State v. Tow*, 321 Or App 294, 298-99, 515 P3d 936 (2022) (reversing a conviction for resisting arrest in similar circumstances). Accordingly, we reverse the conviction for resisting arrest and remand for further proceedings on that count.

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.