No. 325 May 15, 2024 621

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JERRY ALLEN CALDWELL,
*Defendant-Appellant.*

Tillamook County Circuit Court
20CR65879; A178638

Mari Garric Trevino, Judge.

Submitted January 19, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

Defendant appeals a judgment of conviction, based on a jury verdict, for resisting arrest, Count 1, ORS 162.315,[1] third-degree escape, Count 2, ORS 162.145, and harassment, Count 3, ORS 166.065(3). He challenges only his convictions on Counts 1 and 3. He first assigns error to the trial court's denial of his motion for judgment of acquittal (MJOA) with respect to the harassment count, arguing that there was insufficient evidence that he intended to harass or annoy the victim. Having reviewed the record, we conclude that the evidence was sufficient, and the trial court did not err in denying defendant's MJOA. We therefore reject that assignment without further discussion.

Defendant next assigns error to the trial court's failure to instruct the jury about the required mental state for the "substantial risk of physical injury" element of resisting arrest. The state concedes that the court plainly erred by not so instructing the jury, and we accept that concession. *See State v. Tow*, 321 Or App 294, 298, 515 P3d 936 (2022) (trial court plainly erred in failing to instruct the jury that resisting arrest requires a culpable mental state for the risk-of-injury element). We nevertheless conclude that the instructional error was harmless, and we affirm. *See State v. Horton*, 327 Or App 256, 262, 535 P3d 338 (2023) (explaining that we "cannot reverse a judgment based on a harmless error, so if the error was truly 'harmless,' then we have no discretion and must affirm").

Instructional error is harmless if there is "'little likelihood that the error affected the verdict.'" *State v.*

---

[1] ORS 162.315 provides, as pertinent:

"(1) A person commits the crime of resisting arrest if the person intentionally resists a person known by the person to be a peace officer or parole and probation officer in making an arrest.

"(2) As used in this section:

"* * * * *

"(c) 'Resists' means the use or threatened use of violence, physical force or any other means that creates a substantial risk of physical injury to any person and includes, but is not limited to, behavior clearly intended to prevent being taken into custody by overcoming the actions of the arresting officer. The behavior does not have to result in actual physical injury to an officer. Passive resistance does not constitute behavior intended to prevent being taken into custody."

*Owen*, 369 Or 288, 323, 505 P3d 953 (2022) (quoting *State v. Davis*, 336 Or 19, 33, 77 P3d 1111 (2003)). The jury here was instructed that in order to find defendant guilty of resisting arrest, they would have to find that he intentionally used or threatened to use violence, physical force, or any other means that created a substantial risk of physical injury to any person to prevent being taken into custody. Given that instructional backdrop and the fact that the jury viewed a video recording of the arrest that included audible warnings by the arresting officer to defendant that he was "going to get hurt," followed by defendant exclaiming that it "hurts" as the officer attempted to handcuff him, we conclude that there is little likelihood that the instructional error affected the verdict.

Affirmed.