378 March 5, 2025 No. 178

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LARRY DALE NORTHEY,
*Defendant-Appellant.*

Harney County Circuit Court
21CN04897; A181692

Robert S. Raschio, Judge.

Submitted January 9, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Judgment of conviction for resisting arrest reversed and remanded; judgment of contempt affirmed.

## AOYAGI, P. J.

Defendant appeals a judgment of conviction for resisting arrest and a separate judgment of contempt that was entered on the same day. He raises three assignments of error. The first assignment of error pertains to the jury instructions on resisting arrest, specifically the omission of a mental-state instruction. The second and third assignment of error pertain to the contempt judgment, with defendant challenging the sufficiency of the evidence and asserting a jury trial right. For the reasons explained below, we reverse defendant's conviction for resisting arrest and remand for a new trial on that charge, and we affirm the contempt judgment.

### RESISTING ARREST

In his first assignment of error, defendant argues that the trial court erred by failing to instruct the jury on the mental state requirement for the "substantial risk of physical injury" element of resisting arrest. *See* ORS 162.315(1) ("A person commits the crime of resisting arrest if the person intentionally resists a person known by the person to be a peace officer or parole and probation officer in making an arrest."); ORS 162.315(2)(c) ("'Resists' means the use or threatened use of violence, physical force or any other means that creates a substantial risk of physical injury to any person and includes, but is not limited to, behavior clearly intended to prevent being taken into custody by overcoming the actions of the arresting officer. The behavior does not have to result in actual physical injury to an officer. Passive resistance does not constitute behavior intended to prevent being taken into custody."). He argues that the jury should have been instructed that, to find him guilty of resisting arrest, it had to find that he was at least criminally negligent as to creating a substantial risk of physical injury. *See* ORS 161.085(10) (defining "criminally negligent").

Defendant did not request that mental-state instruction or object to its omission, so he requests plain-error review. "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion

to consider a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If the trial court plainly erred, it is a matter of discretion whether we will correct it. *State v. Gornick*, 340 Or 160, 167, 130 P3d 780 (2006).

The state concedes, and we agree, that the trial court plainly erred. *See State v. Tow*, 321 Or App 294, 298, 515 P3d 936 (2022) ("In light of recent cases on the law of culpable mental states, we conclude that the trial court plainly erred when it did not instruct the jury that it had to find that defendant acted with a culpable mental state with respect to 'the substantial risk of physical injury' element in ORS 162.315(2)(c).").

We next consider whether the error was harmless. *See State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) (an error is harmless if "there was little likelihood that the error affected the jury's verdict"); *State v. Horton*, 327 Or App 256, 262, 535 P3d 338 (2023) (recognizing that harmless error is not a basis for reversal, whether preserved or plain). Defendant argues that it was not harmless; the state argues that it was.

We have previously explained that, when evaluating whether the omission of a mental-state instruction was harmless, "the issue is not whether a jury *could* have found defendant to have the requisite mental state on this record; rather, it is whether there is some likelihood that the jury might *not* have been persuaded that he had the requisite mental state, had it considered that issue." *State v. Stone*, 324 Or App 688, 695, 527 P3d 800 (2023) (emphases in original)).

The state primarily relies on *State v. Dye*, 329 Or App 1, 540 P3d 66 (2023), *rev den*, 372 Or 437 (2024), to argue that that standard is met. In *Dye*, after twice evading the police in his car, the defendant walked into the middle of a creek and laid down on a large, flat rock. *Id*. at 4. Three officers went into the creek to arrest him, which required

navigating slippery rocks and avoiding a nearby waterfall that dropped four to six feet into a plunge bowl. *Id*. As the officers tried to handcuff him, the defendant did not follow their commands, and he flexed and pulled his arm, which pulled one of the officers off-balance on the slippery rocks; that officer punched him to try to get control of the situation and avoid falling. *Id*. They had gotten one handcuff onto the defendant when he began pulling the same officer forward again, and the officer punched him again, because he was concerned about falling into the waterfall if they did not get him under control. *Id*. The officers finally got him handcuffed and out of the creek. *Id*.

As in this case, the issue on appeal in *Dye* was whether the trial court plainly erred by failing to instruct the jury on the mental state requirement for the "substantial risk of physical injury" element of resisting arrest. *Id*. at 3. We held that it did but that the error was harmless. *Id*. at 10. There was little likelihood that the jury would not have found that the defendant was at least criminally negligent as to creating a substantial risk of physical injury, given that the jury necessarily found that the defendant "'intentionally'" resisted the officers, and given that the incident took place "in the middle of a creek with slippery rocks near a waterfall." *Id*. at 11 (quoting ORS 162.315(2)(c)).

In this case, the jury also necessarily found that defendant "intentionally" resisted the officers, and it received the same instruction on the meaning of "resist" as the jury in *Dye*. *See id*. at 5-6. Unlike *Dye*, however, defendant's arrest took place in his front yard, not in the middle of a creek with slippery rocks near a waterfall. Two law enforcement officers decided to arrest defendant for refusing to comply with a restraining order that they had served a few minutes earlier. Defendant was agitated, and there was a brief struggle when they tried to handcuff him, as defendant pulled away and stiffened up or "clenched up his arms." An officer held onto the handcuffs and pulled, causing defendant to sustain a small cut and bruising on his wrist. Defendant then calmed down.

The significant difference in factual circumstances of defendant's arrest versus the arrest in *Dye* leads us to a

different outcome on the harmlessness issue. On this record, we cannot say that the instructional error was harmless, under the standard that we have articulated in other cases involving omitted mental-state instructions. There is "some likelihood" that, had it considered the issue, the jury might not have been persuaded that the defendant was criminally negligent as to a substantial risk of physical injury to himself or the officers. *Stone*, 324 Or App at 695.

The remaining question is whether to exercise our discretion to correct the error. *Gornick*, 340 Or at 167 (correction of plain error is discretionary). We choose to do so. There is sufficient uncertainty as to what the jury would have found to make the error grave, and the ends of justice warrant granting a new trial so that a properly instructed jury may decide whether defendant is guilty of resisting arrest. *See Horton*, 327 Or App at 266 (the gravity of the error in failing to instruct on a mental-state requirement must be assessed on a case-by-case basis). Accordingly, we reverse the conviction for resisting arrest and remand for a new trial.

## CONTEMPT

In his second assignment of error, defendant argues that the evidence was legally insufficient to prove that he willfully disobeyed the restraining order. He claims that he did not have enough time to read, understand, and comply with the order and wanted to speak with an attorney. The state challenges preservation and argues that, in any event, the evidence was legally sufficient.

To be found in contempt, a person must have "willfully" disobeyed a court order. *State v. Welch*, 295 Or App 410, 416, 434 P3d 488 (2018). Acting "willfully" in the contempt context means acting "intentionally and with knowledge that the act or omission was forbidden conduct." *State v. Nicholson*, 282 Or App 51, 62, 383 P3d 977 (2016) (internal quotation marks and brackets omitted). "When a defendant argues that there was insufficient evidence to find that he or she willfully violated a court order, we review to determine whether the record contains evidence from which a rational trier of fact, drawing all reasonable inferences in the light

most favorable to the state, could find all elements of contempt beyond a reasonable doubt." *Welch*, 295 Or App at 415 (internal quotation marks omitted).

Assuming without deciding that the claim of error is preserved, we agree with the state that the evidence was legally sufficient to support a contempt finding. There is evidence that, after serving defendant with the restraining order, an officer told him that he was "restrained from this house" and had to leave, and defendant repeatedly said over several minutes that he would not leave and that they would have to arrest him. Having reviewed the record, we conclude that it allows a finding that defendant knew and understood that he had to leave the house to comply with the restraining order and, with that knowledge, chose to disobey the order. As for defendant's argument about needing more time, there is no set amount of time before a restraining order may be enforced, but a person may be allowed a reasonable time to pack a bag or otherwise take action to comply with the order. *See Welch*, 295 Or App at 417 (upholding contempt finding where the defendant "prolonged his departure longer than was reasonable or necessary under the circumstances"). Here, the evidence allowed a finding that defendant decided not to comply with the order based on his personal feelings about the situation, unrelated to needing time to comply with it. We therefore reject the second assignment of error.

In his third assignment of error, defendant argues that he was entitled to a jury trial on the contempt charge under Article I, section 11, of the Oregon Constitution. The Supreme Court held to the contrary in *State ex rel Dwyer v. Dwyer*, 299 Or 108, 114-15, 698 P2d 957 (1985), and *State ex rel H. v. Hart*, 300 Or 231, 233, 708 P2d 1137 (1985). Defendant argues that those cases were wrongly decided, but that is an argument that must be made to the Supreme Court, as we have no authority to overrule its decisions. *State v. Turner*, 235 Or App 462, 466, 234 P3d 993 (2010). We therefore reject the third assignment of error.

Judgment of conviction for resisting arrest reversed and remanded; judgment of contempt affirmed.