No. 121          February 19, 2026          333

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN MARK BENNETT,
*Defendant-Appellant.*

Multnomah County Circuit Court
24CN01051; A185031

Monica M. Herranz, Judge.

Submitted November 25, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Megan Mizuta, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals a judgment finding him in contempt on three counts of violating a Family Abuse Prevention Act (FAPA) order. In this appeal, he challenges only a single conviction based on willful intimidation, molestation, or interference with the protected person. He argues that there was insufficient evidence that he violated the order or that any violation was willful because, although the evidence showed that he smashed a television, he asserts that it did not show that he did so in the protected person's presence or home. Because circumstantial evidence permitted those inferences, we affirm.

When a defendant argues that there was insufficient evidence to find that he willfully violated a court order, we review "to determine whether the record contains evidence from which a rational trier of fact, drawing all reasonable inferences in the light most favorable to the state, could find all elements of contempt beyond a reasonable doubt." *State v. Northey*, 338 Or App 378, 382-83, 567 P3d 480 (2025). The question "is not whether [this court] believe[s] that the defendant was in contempt, but whether the evidence is sufficient for the trier of fact to so find." *State v. Beleke*, 287 Or App 417, 420-21, 403 P3d 481, *rev den*, 362 Or 208 (2017).

Here, the evidence was legally sufficient to show that defendant willfully intimidated, molested, or interfered with the protected person, C, by smashing a television inside her apartment. Specifically, the evidence showed that a FAPA order prohibited defendant from willfully intimidating, molesting, or interfering with C and from willfully being within 150 feet of C or her residence. Nevertheless, police encountered defendant on a street near C and her apartment, and defendant admitted that he had damaged the television, stating that he had done so because it belonged to him.

Defendant did not have the television with him when he was apprehended, and police took defendant from the scene to jail. Although the responding officer was not able to visit C's apartment and photograph the television himself while transporting defendant to jail, he asked C to

send him a photo of the damaged television, and she did so later that day. That evidence permitted a reasonable inference that defendant smashed the television inside C's apartment in violation of the FAPA order.

Affirmed.