860 March 18, 2026 No. 213

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHEANAH JEAN MARIE DELEON,
aka Sheanah Jean Deleon,
*Defendant-Appellant.*

Malheur County Circuit Court
23CR19580; A184881

Lung S. Hung, Judge.

Submitted February 4, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Carla Edmondson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Megan Mizuta, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Conviction for resisting arrest reversed and remanded; remanded for resentencing; otherwise affirmed.

**AOYAGI, P. J.**

After a jury trial, defendant was convicted of three crimes. Her appeal pertains only to her conviction for resisting arrest. In her sole assignment of error, defendant argues that the trial court plainly erred in failing to instruct the jury that a culpable mental state was required for the "substantial risk of physical injury" element of resisting arrest. *See* ORS 162.315(1) ("A person commits the crime of resisting arrest if the person intentionally resists a person known by the person to be a peace officer or parole and probation officer in making an arrest."); ORS 162.315(2)(c) ("'Resists' means the use or threatened use of violence, physical force or any other means that *creates a substantial risk of physical injury to any person ***.*" (Emphasis added.)). The state concedes the error but argues that it was harmless or, alternatively, that we should not exercise our discretion to correct it. As explained below, we agree that the lack of a mental-state instruction was plain error, conclude that the error was not harmless, and exercise our discretion to correct it. We therefore reverse the conviction for resisting arrest, remand for a new trial on that charge and for resentencing on the other two convictions, and otherwise affirm.

Defendant did not request a mental-state instruction or object to its omission, so she requests plain-error review. "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to consider a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If the trial court plainly erred, it is a matter of discretion whether we will correct it. *State v. Gornick*, 340 Or 160, 167, 130 P3d 780 (2006).

The state concedes, and we agree, that the lack of a mental-state instruction was plain error. *See State v. Tow*, 321 Or App 294, 298, 515 P3d 936 (2022) ("[W]e conclude that the trial court plainly erred when it did not instruct the jury that it had to find that defendant acted with a culpable

mental state with respect to the 'substantial risk of physical injury' element in ORS 162.315(2)(c).").

We next consider whether the error was harmless. *See State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) (an error is harmless if "there was little likelihood that the error affected the jury's verdict"); *State v. Horton*, 327 Or App 256, 262, 535 P3d 338 (2023) (recognizing that harmless error is not a basis for reversal, whether preserved or plain). In evaluating whether the omission of a mental-state instruction was harmless, "the issue is not whether a jury *could* have found defendant to have the requisite mental state on this record; rather, it is whether there is some likelihood that the jury might *not* have been persuaded that [defendant] had the requisite mental state, had it considered that issue." *State v. Stone*, 324 Or App 688, 695, 527 P3d 800 (2023) (emphases in original).

We agree with defendant that the error was not harmless. Although defendant's arrest took place in a small and cluttered room that had furniture with sharp corners, defendant's resistance was relatively muted and occurred mostly or entirely while she was seated on the couch or face down on the floor. On this record, which includes a video of the arrest, there is some likelihood that, had the jury been properly instructed, it might not have been persuaded that defendant was criminally negligent as to her conduct causing a substantial risk of physical injury. Although the specific facts differ, the situation is legally analogous to that in *State v. Northey*, 338 Or App 378, 381-82, 567 P3d 480 (2025), in which we also held that it was not harmless error to fail to instruct the jury on the mental-state requirement for the "substantial risk of physical injury" element of resisting arrest in a case where the defendant was "agitated" and engaged in a "brief struggle" with officers trying to arrest him.

Having concluded that the error was not harmless, we choose to exercise our discretion to correct it, for the same reasons as in *Northey*: "There is sufficient uncertainty as to what the jury would have found to make the error grave, and the ends of justice warrant granting a new trial so that

a properly instructed jury may decide whether defendant is guilty of resisting arrest." *Id.* at 382.

Conviction for resisting arrest reversed and remanded; remanded for resentencing; otherwise affirmed.